Good afternoon, your honors. May it please the court, my name is John Egan. I represent the plaintiff baristas in this case. I'm going to try to reserve two minutes for rebuttal. The tax injunction act applies to this case and it should have been remanded in its entirety to the state court. The tax injunction act is jurisdictional. It removes anything that would otherwise be federal jurisdiction. It's a jurisdiction and requires that the decision be made by the state court. There was some discussion in the briefings down below as to whether or not the federal claims were severable from the state claims. The parties are in agreement that they are not severable. So if the tax injunction act applies, the case has to be remanded to state court for decision in the first instance. Could you explain why direct marketing association doesn't give the lie to your, you were asking us to adopt the 10th circuit reading of the TIA and the Supreme Court slapped that down. Sure. Where are you after that? Yes. So direct marketing has, I think, three potential applications to this case. First, it didn't address comedy. Colorado did not argue comedy. So even if the tax injunction act does not apply, we have argued comedy. And so let's talk about two things. One is the lower court based. It's finding that the tax injunction act did not apply on a finding that in joining the collection of these taxes, state taxes would not result in a change in revenue to the state court to the state or the state of Oregon. Is that a fact? No, it's not. The net receipts at the end of the year may or may or may not be affected. But as as Judge Justice Ginsburg pointed out in her concurrence, which was she said she understood this to be the case and and Judge Justice Thomas didn't didn't argue with it. Well, wait a minute. Justice Thomas doesn't argue on the bench. He did not address her statement of understanding by which she conditioned her joining. Yeah, got it. So the revenue is the money that's collected at the source by the employer and sent to the state. There's no question that this case would affect that revenue because we would just affect the timing of it, wouldn't it? It wouldn't. It would. It would. Well, they wouldn't. Here's why. Because these people are all minimum wage employees. The amount of tax that they owe over the course of the year does not exceed the amount, but they're already entitled to a refund. I mean, so they don't owe tax on this. They don't owe any additional tax. They don't owe the tax that's being collected. Okay, it's so that's that's for the part of the tips that that apply. And there's lots of instances where they won't owe tax at all. If the tips are less than $20 in a month, they're not supposed to be had withholding taken from that. Or if the tips aren't aren't reported at all, which none of them were, let me let me try to see how is Oregon's revenue flow affected? Because there will not be tips, not be taxes collect on these tips and given to the state. But that's on a monthly basis. I mean, at the end of the year, there's a reconciliation. They weren't entitled to that money. But well, if if if Starbucks reports to the state, it's allocation of tips, which is basically just a rounded estimate. Here's how much tips we think that the plaintiffs got, which they're supposed to allow. Yeah, well, they're supposed to do that in box eight and not take withholdings from it. There is an administrative process by which the plaintiffs can challenge that estimate by Starbucks. If it does it on the W two at the end of the year, there's none for collection as they go along. Maybe it's me. I still don't understand how our state's revenue is affected. Ultimately, I just you're not getting through to me. And sure. And I understand that previous Ninth Circuit authority had focused on whether the state's revenue is affected. And that's one of the things that I want to talk about. Direct marketing shifts the focus from whether or not a state's revenue is ultimately affected to whether or not the plaintiff is attempting to block the collection of taxes. You know, the state has a process by which it collects and then refunds. And so you can't look at what the zero is at the end of the year or year and a half. Under direct marketing, you have to instead look at what is the specific act that the plaintiffs are intending to enjoin. And here, there's no question that the assessment and collection that weren't an issue in direct marketing because it wasn't a collector that was the plaintiff. Here, there's no question that the plaintiffs are attempting to enjoin the assessment and collection of this tax from their paychecks. And, you know, the Colorado had made the argument that it won't be able to collect the same amounts of revenue if it's not able to do these information. But it's not going to lose the revenue. And the DMA says, applying the correct definition of restraint, suit cannot be understood to restrain the assessment, levy, or collection of taxes of a state tax if it merely inhibits those activities. Why is this more than inhibiting? Because the plaintiffs have asked for an injunction against Starbucks collecting this tax. Well, they're going to have to collect some tax, right? Not on tips. Well, you're saying they don't withhold at all? They shouldn't. They shouldn't withhold anything until...because they don't...I mean, how does Oregon ultimately decide how much tax is applied to the employee's income stream if there's no withholding? You'd have to rely on the employees to report at the end of the year. Exactly. Yes. That's the process that they would go through. And because none of these plaintiffs would owe any taxes on those tips, they've already paid more than enough taxes through the withholding on their wages to cover all of the taxes that would come out of their tips. They wouldn't owe any additional taxes at the end of the year. They'd report their additional tips on their return at the end of the year, and they'd still get a refund. So what Oregon focuses on with these wage and hour laws is making sure that employees get their full wages on payday because they're so near the minimum wage that any amount that you drop them below that endangers them in terms of repossession and eating and being able to have their homes. So making sure they have the correct amount of money on payday is important. It's not just a trifle. The wage and hour cases deal only in trifles. But if it drops them below the minimum wage, that's a problem. And deductions that aren't authorized are a problem. So those are the things about the Tax Injunction Act and how it's affected or not affected by DMA. I also want to point out with the underlying violation that we're looking at with Oregon, unreported tips, which is what we're dealing with here, have never been subject to withholding in Oregon. Oregon does not allow estimating tips at all. You can only collect taxes. Yes, sir. If we decide that the Tax Injunction Act doesn't apply, where are you? Then we would devolve to comity. The fact that federal courts shouldn't be mucking about in state court tax regimes. Period. That's kind of the point behind the Tax Injunction Act. But the Tax Injunction Act only addresses the specific aspects of assessment and collection. There's no issue of a levy in this case, but assessment and collection. So if for some reason that's on a technical basis not found to apply, comity can still apply. It's broader than the Tax Injunction Act. And based on general principles of federalism and letting state courts be the ones to decide in the first instance the application of state tax law, it's a prudential doctrine, but it should be sent to the state for decision in the first instance. What about preemption under Section 7422? Well, there's no complete preemption because there's no cause of action provided. In terms of conflict preemption, there's still no preemption because it's not impossible to comply with both the state rule and the federal tax law. But aren't you then asking that the employer, I mean, he's doing what the code says he can do. No. No. The code says you can only estimate the amount of tips that an employee will report. And Starbucks specifically instructs all of its employees not to report any tips. They're not doing what the code allows them to do. And that's what distinguishes this from things like Bright versus Bechtel, where the court said, look, we're going to skip past the Tax Injunction Act because there's just no even colorable basis for this going forward. You are suing a California employer for following California tax regulations, and that is not a cause of action. So we're dismissing you. That's not what we have in this case. In this case, there's no question that Starbucks did not follow the administrative rules required to estimate tips. They just put out a guess. They're not allowed to put out a guess. They can estimate how much the employees will report. It's like if you have a piece of bread and clump a peanut butter on one corner, you're allowed to spread that peanut butter over this, over the surface of the bread so that it's even. You know, so if employees report tips once a month, Starbucks is allowed to estimate those tips over the course of the two or more paychecks that happened during that month. But they didn't. No. Employees never reported any tips. Starbucks just made up a number. Well, they used a number that was allowed by the IRS. No, no, the IRS does not allow any employer to just make up a number for tips and withhold based on that number. If they're going to make up a number out of thin air, then they have to put that in box eight on the W-2 and not withhold based on that number. On coming back to my question about preemption, you've argued in your briefs that you're only seeking a penalty and declaratory and injunctive relief. Correct. But your claim says they're entitled to the greater of $200 for actual damages in an amount to be proved at trial. So why isn't that a claim for a refund? When we pled the statutory causes of action, we were trying to incorporate all, you know, we said this incorporates all of the above. And one of the above things was a wrongful deduction for the workers' benefit fund, which we had limited evidence for and could not make class-wide allegations based upon. So as we've made clear at several stages to the district court, the only thing that plaintiffs are asking to recover money for, damages for, is the unpaid lunches and the workers' benefit fund deductions. They're not asking for any of these tax amounts back. They've already received those in the regular course in the normal refund process. But Oregon allows a statutory penalty when an employer takes something out of a check that it should not, and that reduces their paycheck, even if it's something that could apply later on. And I'll reserve the remainder of my time. Thank you. Thank you. Counsel. May it please the court, Pratik Shah for Defendant Appelee Starbucks Corporation. As to jurisdiction, the district court correctly rejected plaintiff's contention that either the Tax Injunction Act or Comity strips federal court jurisdiction over this case. Not only did this court in Bright deny such a challenge, but this court's functional approach under the TIA requires at least some net reduction in state tax revenue. As their own appeal briefs make clear, plaintiffs do not challenge their ultimate tax liability. To the contrary, plaintiffs say that they've already received refunds of any amounts that were allegedly improperly withheld. Nor, as former employees, do they have standing to seek any sort of prospective relief. So this suit poses no threat to state tax revenue, either past or future. And in any event, this is a highly unusual case in which to be seeking Tax Injunction Act relief or Comity relief. This is not a suit in which the state here is acting as a defendant trying to protect enforcement of its laws, in which you almost always see when the Tax Injunction Act or Comity arises. Instead, we have a suit by a private plaintiff bringing a private lawsuit purportedly to seek compliance with Oregon tax law, not to challenge it. We're just outside of the ballpark of when Tax Injunction Act and Comity applies. And we're aware of no case in which it's been applied in circumstances like these, and they don't cite any such case. So we think federal court jurisdiction, as both the magistrate judge and the district court concluded, was completely proper in this case. Now, as to the dismissal, there's no matter how hard plaintiffs try to rewrite their complaint or to plead around the Internal Revenue Code provisions, federal law bars their suit attacking Starbucks tax withholding practices. As this court explained in both Brennan and in Bright, federal law is designed to protect an employer from suit in connection with its role as a withholding agent. And thus, any challenge to Starbucks withholding practices must be brought against the government, if at all. The whole idea is to immunize the employer when it's acting in that role. And so the merits arguments that plaintiffs continue to make just aren't relevant here. The whole point of the protections in the IRC Internal Revenue Code, Section 7422, 3403, and the analog Oregon law provision, 23403, all of the point of those is to cut off suits against employers when they're functioning in tax withholding practices. If you want to challenge the tax withholding practice, you do it through the administrative function of a refund action. And then if you lose there, you can file suit against the United States. It would be exceedingly odd to be litigating the propriety of federal tax withholding practices with the federal government on the sidelines. That's the whole reason why the Internal Revenue Code mechanism is set up the way it is. If you're going to challenge their role as a withholding agent for the federal government, the federal government should be involved. And they're trying to circumvent that. And this Court has continuously cut that off. In Bright, in Brennan, other circuits have done the same thing in the cases we cite. The Barrera case, which we submitted the 28-J letter on, Umland case in the Third Circuit, there is no authority. They have no authority where a suit like this has ever been permitted to proceed. And so for all of those reasons, the jurisdictional arguments were properly rejected by the magistrate and district court. And then the suit, once it's in federal court, was properly dismissed under both those federal law provisions and then the analog Oregon law provisions. Coming back to Bright, how is it that the plaintiffs are trying to interfere with state tax administration? That's not what they're asking for. They're not challenging the state law. They're claiming you don't comply with state law. We agree, Your Honor. And that's why the Tax Injunction Act doesn't apply here. They're not challenging the validity of state law. They're not challenging the administration of state law. Just like the district point pointed out, not only are they not even challenging state law, the validity of state law, they're not even challenging any net effect on the ultimate state revenue. Either the income is taxable or it's not. And they've already said in their appeal brief, this is on page 51, we've already gotten back all the money that was improperly withheld as refunds. So there's simply this isn't in the ballpark of the Tax Injunction Act at all. So we agree with that submission. If anything, Bright was a harder case because it wasn't as crystal clear as in this case. But this case is crystal clear. There just isn't any room to be applying the Tax Injunction Act. And as I said, this would be an exceedingly odd case in which to expand the scope of the Tax Injunction Act when the State is nowhere present here. The State is not asserting any of these interests and the suit is purportedly designed to compel compliance with Oregon tax law, not to challenge it. If there are no further questions, Your Honor, I'm happy to sit down.  What if the district court dismissed this case without leave to amend? Well, dismissed with prejudice. What if the plaintiffs were able, could the plaintiffs remain in federal court if they amended their complaint to simply allege failures to comply with state law? Your Honor, this still would be in federal court because the basis for federal jurisdiction is essentially a diversity jurisdiction, the CAFA. So they would still be in federal court. But any such amendment would be futile, even if you stripped out the federal withholding portion, which they say is non-separable. But even if you stripped that out and simply viewed this as a state law cause of action challenging withholding under Oregon law, Oregon has the analog provision to the Internal Revenue Code Provision 3403. Under Oregon law, it's Section 619 and it's 316.197. That's the Oregon analog to 3403. And if you look at the text of that provision and it's quoted, the district court also relies on that provision with respect to the Oregon piece of it. It's on excerpts of record, page 39. If you looked at the text of that provision, not only does it get to the same idea as the Internal Revenue Code Section 3403, but it's actually worded even more broadly. It uses the word that any suit in respect of taxes that are withheld. And then it says whether it's in compliance or intended compliance shall not be brought against the employer. So if anything, their claims under Oregon law are even harder than under federal law. Now, there isn't as much case law under Oregon law. We've checked this provision. It's been cited 16 times, but never with respect to this particular language, only with respect to other parts of the provision. But other states have essentially, as you might expect, their own analogs to Section 3403. And in those other states, they almost without exception are interpreted to be coextensive with the federal provision. So if it's barred under the federal provision, it would be futile to have remand. And certainly it was not an abuse of discretion for the district court to dismiss this with prejudice rather than leave to amend. They have never sought leave to amend at any point in this suit. And so certainly, even if it were a close call, and we don't think it is, it was not an abuse of discretion to do so. Thank you, Your Honors. A few points to address. First, all of these statutory bases for defeating liability are affirmative defenses. And they cannot, A, they cannot yield federal question jurisdiction. And, B, they should not have been addressed without even having been pled, let alone proven on behalf of Starbucks. The Oregon analog to the federal law requires that they show that the money was deducted from wages, which it's excluded from the definition of wages under Oregon law, that it had been paid over to the government, which they have neither pled nor proven, and that it be in compliance or intended compliance, which they also have not pled or proven. And I don't think that they can prove that this was an intended compliance with the Oregon tax law because of several facts that aren't in the case yet, but the behind the scenes of this is going to come into play in discovery when they're trying to prove that this was an intended compliance with the tax law, and we can prove that it wasn't. So the other thing I want to point out is the Farr case. It was decided in the context of a levy instead of in an employer-specific withholding under the income tax. But that did say that the, you cannot escape liability if you proceed far beyond the protection of the statute. You know, in that case, it was, they levied wages and the employer instead levied workers' compensation benefits. The code says workers' compensation benefits can't be levied, and so the court allowed the plaintiff to proceed despite the parallel in immunity statutory provision under the levy section. The court says, yes, you can sue because they did something that's not allowed by the statute. There aren't any cases saying that with regard to, you know, withholding from wages, but there aren't any cases saying you can't do it either for specifically things that are completely without the administrative rubric of that. The district court did not address comity at all, didn't even address the argument. There is standing in Oregon, even though not Article III standing, for these particular plaintiffs to address prospective relief on behalf of people that have similar injuries to theirs. And the Tax Injunction Act does affect, does include actions against damages, not just actions challenging state law. That's not a Ninth Circuit authority. If you did not seek leave to amend, could you? We could, yes. But we believe that there's no jurisdiction in this case. And even if... What if we disagree with you? If you disagree, then yes, we will seek leave to amend. We filed a parallel suit alleging federal causes of action. In the event that federal jurisdiction is found and this case is not remanded, we will proceed forward by amending... Well, how would you do that? If we affirm the district court, he's dismissed the case. He... Well, we'll seek leave to amend. I mean, that's what we're trying to say, is that there's no jurisdiction. But if this court does find jurisdiction, then we've got a separate case pending that we'll move to amend to include these claims in it. Just the state claims, just the state claims. Correct. Yeah. Okay. Thank you. Thank you. Counsel, thank you for your arguments. The case is submitted.
judges: Fisher, Watford, Walter